# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JONATHAN A. VETTER,

    Plaintiff,

v.                                              CASE NO. 8:18-cv-2381-T-02AAS

GEICO GENERAL INSURANCE COMPANY,
and INTEGON NATIONAL INSURANCE
COMPANY,

    Defendants.
_____/

## ORDER OF REMAND

Plaintiff was a passenger in a car into which an undersinsured motorist ("UM") crashed. Plaintiff was injured.

In response, Plaintiff sued his own UM carrier, GEICO, and the UM carrier of the driver/owner of the car Plaintiff was riding in, Integon. The complaint was filed in the Thirteenth Judicial Circuit on August 22, 2018. Integon timely removed the case here on September 26, 2018.

Plaintiff sued GEICO for one count of UM coverage (Count I) and one anticipatory count of Florida statutory "bad faith" (Count II). Plaintiff likewise sued Integon in the same complaint for UM coverage (Count III) and anticipatory

statutory "bad faith" (Count IV). (Dkt. 2). These two carrier Defendants are sued under the separate policies they wrote. The Defendants are not cross-writers, co-insurers, excess levels, or jointly obliged in any way on each other's policies.

GEICO has not responded in this lawsuit and is not present here – either at the time of removal or now. Integon removed under diversity of citizenship alleging an amount in controversy of $75,000. 28 U.S.C. §§ 1441, 1332.

Although there is a pending motion to dismiss, this Court must rule first on the motion to remand to determine whether it lacks jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.") (citations omitted)); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 n.22 (11th Cir. 2000). The court's diversity jurisdiction is determined at the time of the filing of the complaint or, if removed, at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

With respect to the amount in controversy, the Court is guided by well-established legal principles. First, in matters of removal and remand, "ambiguities are generally construed against removal." *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006); *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278,

1282 (11th Cir. 2006). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*, *see also Gulf-to-Bay Anesthesiology Assocs., LLC v. UnitedHealthcare of Fla., Inc.*, 2018 WL 3640405, at *1 n.1 (M.D. Fla. July 20, 2018) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff.").

At all relevant times, the Integon policy is capped at $10,000 maximum. Although Integon argues that GEICO had $50,000 in insurance exposure (thus reaching much closer to the $75,000 threshold), GEICO is not present in this lawsuit.

At the time of removal, the amount in controversy was $10,000 plus, arguably, some attorney's fees that Plaintiff's lawyer might seek. The required amount in controversy is simply not met.

The statutory "bad faith" count that Plaintiff included against Integon (Count IV) in the state court complaint is inchoate. It has simply not accrued and may never accrue. Integon admits as much in its motion to dismiss Count IV. (Dkt. 4). It simply does not count in this analysis. *See Jenkins v. Allstate Ins. Co.*, No. 5:08-cv-285-Oc-10GRJ, 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008); *Curran v. State*

*Farm Mut. Auto. Ins. Co.*, No. 6:09-cv-463-Orl-28DAB, 2009 WL 2003157 (M.D. Fla. July 2, 2009).

The amount in controversy has not been met. The case is remanded.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand (Dkt. 12) is granted. The Clerk is directed to effect remand to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and after remand, to close the case.

**DONE AND ORDERED** at Tampa, Florida, on November 6, 2018.

    s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record